

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2007

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"USA v. Thomas" (2007). *2007 Decisions.* Paper 890.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/890

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1753

UNITED STATES OF AMERICA

v.

DARNELL THOMAS,

Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 05-cr-00360
District Judge: The Honorable John P. Fullam

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2007

Before: CHAGARES, HARDIMAN, and TASHIMA,[*] Circuit Judges.

(Opinion Filed: June 25, 2007)

---

[*]  Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

TASHIMA, Circuit Judge:

Darnell Thomas appeals the sentence imposed following his plea of guilty to two bank robberies, in violation of 18 U.S.C. § 2113(a). Thomas was sentenced to 100 months' imprisonment, plus three years of supervised release, a special assessment, and restitution. Thomas contends that his sentence should be vacated because he received a career offender sentencing enhancement improperly based on facts contained within a police report, in violation of Shepard v. United States, 544 U.S. 13 (2005).

We exercise plenary review over the district court's determination of whether a prior offense is a "crime of violence" under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.2(a). United States v. Siegel, 477 F.3d 87, 89 & n.1 (3d Cir. 2007).

In preparation for sentencing, the probation officer submitted a Presentence Report ("PSR") containing details of Thomas' prior offense of "endangering the welfare of children." This information was gleaned from a police report. Over the objection of Thomas' counsel, the district court admitted the details of the prior offense and determined based on this information that the prior crime was a crime of violence, which qualified Thomas as a career offender under U.S.S.G. § 4B1.2(a). This yielded a sentencing range of 151-188 months. Without the career offender enhancement, the

2

sentencing range would have been 70-87 months. The district court subsequently imposed a sentence below the calculated range, citing the age of Thomas' prior convictions and Thomas' efforts at rehabilitation from his drug habit.

Although the Guidelines are no longer binding on district courts, their proper calculation is reviewable on appeal because, in fashioning a sentence, the district court must "take account of the Guidelines together with other sentencing goals." See United States v. Pojilenko, 416 F.3d 243, 246 (3d Cir. 2005) (quoting United States v. Booker, 543 U.S. 220, 259 (2005)). Congress intended the career offender provisions of the Guidelines to remove dangerous recidivist violent and drug offenders from the streets. See United States v. Parson, 955 F.2d 858, 864 (3d Cir. 1992). Career offenders receive Guideline ranges at or near the maximum allowed for their crimes. See id. In assigning such a designation to a defendant, the district court may rely only on the statutory elements of the prior offenses and sufficiently trustworthy records of the defendant's actual conduct, such as the charging document, the plea agreement, or his own statements during a plea hearing. Shepard, 544 U.S. at 16-17; Siegel, 477 F.3d at 93. Police reports do not constitute adequate judicial record evidence of the facts underlying a prior conviction. Shepard, 544 U.S. at 16.

After reviewing the record, we conclude that the district court erred in relying on facts contained within a police report in order to determine whether Thomas' prior

offense was a "crime of violence" under U.S.S.G. § 4B1.2.[1]  We will therefore vacate the

sentence and remand for resentencing.

4

---

[1]    The government also "agrees that it is appropriate for this Court to vacate Thomas' sentence and remand for resentencing."  Appellee's Br. at 13.